NOTICE

Decision filed 02/21/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* MARRIAGE OF | ) Appeal from the |
| | ) Circuit Court of |
| CHARLES PACLIK, | ) St. Clair County. |
| | ) |
| Petitioner-Appellee, | ) |
| | ) |
| and | ) No. 05-D-814 |
| | ) |
| JENNY C. PACLIK, | ) Honorable |
| | ) Walter C. Brandon, Jr., |
| Respondent-Appellant. | ) Judge, presiding. |

_____

JUSTICE STEWART delivered the opinion of the court:

This case comes to us for review from the trial court's entries of emergency and plenary orders of protection. The parties' dissolution of marriage remains pending. On appeal, the respondent, Jenny C. Paclik, argues that the trial court erred in denying her motion to substitute judge pursuant to local court rule 8.05 (20th Judicial Cir. Ct. R. 8.05 (eff. December 12, 1991)); Illinois Supreme Court Rule 903 (Official Reports Advance Sheet No. 6 (March 15, 2006), R. 903, eff. July 1, 2006); and, as a matter of right, pursuant to section 2-1001(a)(2) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1001(a)(2) (West Supp. 2005)). We reverse and remand.

BACKGROUND

On September 15, 2005, the petitioner, Charles Paclik, filed his petition seeking a judgment of the dissolution of his marriage to Jenny. The parties have two sons, both of whom were preschoolers at the time of these events. On the same day Charles filed his petition for a judgment of dissolution, the Honorable Alexis Otis-Lewis was assigned to the

1

case.

Two days before Charles filed the dissolution action, Jenny and the children had moved out of the marital residence and into a domestic violence shelter, where they stayed until December 27, 2005.

Judge Otis-Lewis conducted three separate hearings in the dissolution proceeding prior to the hearings before the Honorable Walter C. Brandon, Jr., on Charles's petition for an order of protection. The first hearing before Judge Otis-Lewis concerned temporary custody, at which time the parties agreed that they would share joint custody of the children, with Jenny having primary physical custody subject to Charles's right of visitation. At the first hearing, Charles was represented by counsel but Jenny was not.

At the next hearing, on December 12, 2005, both parties were represented by counsel. On that date, Judge Otis-Lewis signed an agreed order allowing Jenny to move to the State of California with the children, again subject to Charles's right of visitation. The agreed order set out a schedule of visitation for Charles and the children, the amount of child support Charles was to pay, how the income tax refund for that year was to be split, and a partial distribution of personal property. Additionally, Jenny agreed to waive temporary maintenance, all of her interest in the marital residence, and any claim to Charles's pension in exchange for Charles's agreement allowing her to move to California with the children.

Less than two months after the December 2005 agreed order, Charles filed a petition seeking to modify that order, alleging that Jenny had interfered with his visitation and failed to allow him telephone contact with the children. In that petition, Charles requested the trial court to order Jenny to return the children to Illinois. Jenny filed a response denying the essential allegations of Charles's petition.

On April 13, 2006, Judge Otis-Lewis conducted a hearing on Charles's petition to modify. Once again, the parties announced their agreement to the court. Both parties,

2

represented by counsel, acknowledged that they had reviewed all of the terms of the agreed order for more than three hours prior to announcing the agreement to the court. Both parties agreed that allowing Jenny to stay in California with the children on a permanent basis was in the children's best interest. Charles admitted, however, that without a court order, he would not return the children to Jenny in California after his visit with them. Charles acknowledged under oath that he was aware of the adverse consequences he risked if he failed to return the children to Jenny at the end of each scheduled visit.

Under the April 2006 agreed order, Charles's first visit with the children was scheduled for June 4 through July 2, 2006. Both parties acknowledged that the visitation schedule was not intended to be effective after December 2006, and they agreed to revise the visitation schedule as needed after that.

Before entering the agreed order, Judge Otis-Lewis went over its terms with the parties. Finally, the parties agreed that they would finish discovery before a final hearing was conducted.

On June 30, 2006, while the boys were with Charles in Illinois, Charles filed a *pro se* petition for an order of protection against Jenny, alleging that Jenny had physically abused the children and that a man by the name of Jose had sexually abused them. On the same date and without notice to Jenny or either attorney, Charles obtained an emergency order of protection (EOP) from Judge Walter C. Brandon, Jr. By entering the EOP, Judge Brandon transferred temporary custody of the children from Jenny to Charles and prohibited Jenny from having any visitation with the children. The EOP was set to expire July 18, 2006, on which date a hearing was scheduled to determine whether an interim or plenary order of protection should be entered.

On July 13, 2006, Jenny, through her attorney, filed a motion to rehear the EOP and a motion for a substitution of judge pursuant to local court rule 8.05 (20th Judicial Cir. Ct.

3

R. 8.05 (eff. December 12, 1991)); Supreme Court Rule 903 (Official Reports Advance Sheet No. 6 (March 15, 2006), R. 903, eff. July 1, 2006); and, as a matter of right, pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West Supp. 2005)). In the motion for substitution, Jenny reminded the court that Charles's petition for an order of protection involved issues of child custody and visitation, which issues were the subject of the parties' pending dissolution proceeding, to which Judge Otis-Lewis had been previously assigned.

On July 18, 2006, the case came before Judge Brandon for a hearing on the motion for a substitution of judge prior to the hearing on whether the order of protection should be extended. After hearing the parties' arguments, Judge Brandon denied the motion for substitution without stating his reasons, and the parties proceeded to present evidence on the question of the extension of the order of protection.

After the parties presented their evidence, Judge Brandon granted Charles's request for a plenary order of protection. The plenary order of protection is effective until July 18, 2008, "or until investigation of *** Jenny Paclik is completed by the Dept. [of] Children [and] Family Services in California and said investigation is 'unfounded'; or until this order is superceded in the Illinois Family Court division; whichever occurs first." The plenary order grants the custody of the children to Charles subject to Jenny's specified visitation in Illinois, which occurred in July 2006. The order does not provide any other visitation for Jenny and the children except daily telephone contact. Until the plenary order expires, Jenny is not allowed any other contact with her sons.

Jenny filed a timely notice of appeal.

## ANALYSIS

### A. Substitution of Judge as a Matter of Right

The primary issue presented is whether the trial court erred by denying Jenny's motion

4

for a substitution of judge. Jenny cites several reasons why her motion should have been granted. We first consider whether the trial court should have granted the motion, as a matter of right, pursuant to section 2-1001(a)(2) of the Code. That statute provides:

"When a party timely exercises his or her right to a substitution without cause

\*\*\*

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

(iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as of right by the party." 735 ILCS 5/2-1001(a)(2) (West Supp. 2005).

When determining whether a party is entitled to a substitution of judge as a matter of right, the issue of whether there has been a ruling on a substantial issue in the case is a question of law to which the court of review applies a *de novo* standard of review. *Niemberg v. Bonelli*, 344 Ill. App. 3d 459, 464, 800 N.E.2d 86, 89 (2003).

Jenny argues that she was entitled to a substitution of judge, as a matter of right, in order to remove Judge Brandon from the case because Charles filed the petition for an order of protection and obtained the EOP without notice to her and before she could enter an appearance in the order-of-protection case. Jenny argues that although Judge Brandon's entry of the EOP was clearly a ruling on a substantial issue, under subsection (a)(2)(iii) of the

5

statute (735 ILCS 5/2-1001(a)(2)(iii) (West Supp. 2005)), she is entitled to the substitution, as a matter of right, because she had not entered an appearance in the order-of-protection case nor had she been found in default. We agree.

Under the clear terms of the substitution-as-a-matter-of-right statute, the only rulings to be considered in granting or denying the motion are those made *after* all parties who are not defaulted have entered an appearance. *Scroggins v. Scroggins*, 327 Ill. App. 3d 333, 336, 762 N.E.2d 1195, 1198 (2002). In other words, a party who has not yet had an opportunity to participate in a case does not automatically lose his or her option to substitute one judge without stating a cause and as a matter of right simply because that judge has already ruled on a substantial issue in the case prior to that party's appearance.

In the case at bar, Charles filed the petition for an order of protection *pro se* and without notice to Jenny or either attorney. On the same day, he obtained from Judge Brandon, a judge otherwise unfamiliar with the parties or any rulings in the dissolution action, an EOP that effectively transferred the custody of the parties' two young sons to Charles from Jenny. Judge Brandon entered the EOP *ex parte* and without notice to Jenny. When the EOP was entered, she had not yet had an opportunity to appear or respond to the petition for an order of protection, and she had not been nor could she have been found in default. Jenny's attorney filed motions to rehear the EOP and for a substitution of judge, and the motions were filed within a few days of learning of the entry of the EOP and five days prior to the date set for a hearing on the extension of the EOP. Therefore, Jenny filed her motion for substitution in a timely manner, and Judge Brandon's entry of the EOP is not a proper ground for denying her motion. See 735 ILCS 5/2-1001(a)(2)(iii) (West Supp. 2005).

Where a party files a motion for a substitution of judge as a matter of right in a timely manner and in compliance with the statute's requirements, the movant's right to relief is absolute and the trial court does not have discretion to deny it (*In re Dominique F.*, 145 Ill.

6

2d 311, 319, 583 N.E.2d 555, 558 (1991); *Niemberg*, 344 Ill. App. 3d at 464, 800 N.E.2d at 89), unless it is shown that the motion was made simply to delay or avoid a trial (*Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932, 776 N.E.2d 255, 260 (2002)). Orders entered after a motion for a substitution of judge is wrongfully denied are void. *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 932, 776 N.E.2d at 260. Accordingly, the plenary order of protection issued after Judge Brandon's improper denial of Jenny's motion for substitution is void and of no effect. Because the EOP expired by its own terms as of July 18, 2006, the issue of custody is now governed by the April 13, 2006, agreed order awarding custody to Jenny subject to Charles's right of visitation.

B. Supreme Court Rule 903 and Local Court Rule 8.05

Jenny also requested a substitution of judge pursuant to Supreme Court Rule 903 (Official Reports Advance Sheet No. 6 (March 15, 2006), R. 903, eff. July 1, 2006) and local court rule 8.05 (20th Judicial Cir. Ct. R. 8.05 (eff. December 12, 1991)). We consider that portion of her request even though our ruling under the substitution-of-judge statute provides a sufficient basis for our reversal. We do so because it is important to consider how the newly enacted supreme court rule is to operate in conjunction with the substitution-of-judge statute and local rules such as that in the case at bar. Additionally, the local court rule and the supreme court rule each provides an alternate ground upon which the trial court's denial of the motion for substitution should be reversed.

Supreme Court Rule 903 is one of several new supreme court rules concerning child custody proceedings. Rules 900 through 942 became effective on July 1, 2006 (Official Reports Advance Sheet No. 6 (March 15, 2006), Rs. 900 through 942, eff. July 1, 2006). Rule 903 provides:

"Whenever possible and appropriate, all child custody proceedings relating to an individual child shall be conducted by a single judge. Each judicial circuit shall

7

adopt a rule or order providing for assignment and coordination of child custody proceedings. Assignments in child custody proceedings shall be in accordance with the circuit rule or order then in force." Official Reports Advance Sheet No. 6 (March 15, 2006), R. 903, eff. July 1, 2006.

Twentieth Judicial Circuit Rule 8.05(b) provides that domestic violence allegations arising in a pending dissolution case shall be heard by the judge assigned the dissolution case or by the supervising judge, at the discretion of the supervising judge. 20th Judicial Cir. Ct. R. 8.05(b) (eff. December 12, 1991).

Jenny argues that, pursuant to both the local court rule and the supreme court rule, she was entitled to have Judge Otis-Lewis conduct the hearing on the extension of the order of protection because that judge had previously been assigned to the dissolution case and had already conducted three hearings in which custody and visitation were at issue.

Charles argues that the local court rule does not apply because it was enacted prior to the Twentieth Judicial Circuit's establishment of a domestic violence court, over which Judge Brandon presides, the purpose of which is to hear order-of-protection cases quickly and expeditiously. Charles contends that if cases such as this were assigned to the dissolution judge, that purpose would be defeated. Neither argument is persuasive.

First, local court rule 8.05 was not repealed or amended after the Twentieth Judicial Circuit's establishment of the domestic violence court. Charles cites no authority for the proposition that the establishment of the domestic violence court superceded or automatically repealed local court rule 8.05. Therefore, Judge Brandon was required to consider Jenny's motion for substitution in light of the requirements of that rule. At a minimum, local court rule 8.05 required Judge Brandon to refer the motion for substitution to the supervising judge for a ruling. Second, there is nothing in the record to support Charles's contention that the request for an extension of the order of protection would not be heard expeditiously had

8

Judge Brandon allowed the supervising judge to decide who would hear the order-of-protection issues.

Even more importantly, Judge Brandon was required to consider the motion for substitution in light of Supreme Court Rule 903, the terms of which required him to refer to local court rule 8.05. Although Rule 903 does not make the assignment of child custody issues to a single judge mandatory, it certainly does require the trial court to consider whether a single judge *should* be responsible for all decisions affecting the lives of particular children in family law cases.

In this case, Judge Brandon's denial of the motion for substitution was not only improper as a matter of law under the statute but also an abuse of discretion when considered in light of Supreme Court Rule 903 and local court rule 8.05. We do not make any rulings on or consider the merits of the allegations in Charles's petition for an order of protection. We simply find that regardless of the merits of those allegations, Judge Otis-Lewis was familiar with the family's history, had made rulings on substantial issues affecting the family, and had entered agreed custody and visitation orders approved by the parties. Because the EOP effectively overruled Judge Otis-Lewis's prior custody determinations, she should have had the opportunity to consider those allegations in light of her prior knowledge of the parties and their circumstances.

Because we have determined that Jenny's motion for substitution should have been granted, we do not reach the issues of whether the court's entry of the plenary order of protection was against the manifest weight of the evidence or whether Judge Brandon abused his discretion by considering the child's hearsay statements. Suffice it to say that, upon remand, if Charles chooses to pursue his petition for an order of protection, that portion and all other aspects of the parties' dissolution case must be heard by Judge Otis-Lewis unless the supervising judge reassigns the case to another judge.

9

CONCLUSION

For all of the reasons stated, we reverse the trial court's order denying Jenny's motion for a substitution of judge, we vacate the plenary order of protection, and we remand this case for further proceedings in accord with this decision.


Order denying motion for substitution reversed; plenary order of protection vacated; cause remanded.


DONOVAN and SPOMER, JJ., concur.

NO. 5-06-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| CHARLES PACLIK, | ) | St. Clair County. |
| | ) | |
|    Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 05-D-814 |
| | ) | |
| JENNY C. PACLIK, | ) | Honorable |
| | ) | Walter C. Brandon, Jr., |
|    Respondent-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed**:      February 21, 2007

---

**Justices**:      Honorable Bruce D. Stewart, J.

                Honorable James K. Donovan, J., and
                Honorable Stephen L. Spomer, J.,
                Concur

---

**Attorney**
**for**
**Appellant**
     E. Nicole Carrion, Thomas, Mottaz, and Eastman, 2520 State Street, P.O. Box 398,
Alton, IL 62002

---

**Attorney**
**for**
**Appellee**
     Daniel J. Grueninger, Law Office of Daniel J. Grueninger, 424 So. High Street,
Belleville, IL 62220