# Illinois Official Reports

## Appellate Court

---

### *Petalino v. Williams*, 2016 IL App (1st) 151861

---

| | |
|---|---|
| Appellate Court Caption | GILDA PETALINO, Petitioner-Appellee, v. LE DOMINIC WILLIAMS, Respondent-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-1861 |
| Filed | August 26, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-D-279004; the Hon. Jeanne M. Reynolds, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Martin Spencer, of Chicago, for appellant.<br><br>Charles A. Bird, of Dentons US LLP, and Jennifer Payne, of Legal Assistance Foundation, both of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.<br>Justices Lampkin and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondent Le Dominic Williams (Williams) appeals from a plenary order of protection issued by the circuit court of Cook County pursuant to the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/101 *et seq.* (West 2014)) in favor of Gilda Petalino (Petalino). Williams argues that the circuit court abused its discretion when it denied his motion for substitution for judge. Williams also argues the circuit court erred in denying his motion for a continuance of the hearing to provide him the opportunity to subpoena his witnesses. For the reasons that follow, we affirm.

¶ 2                                      BACKGROUND

¶ 3    On January 26, 2012, Williams filed a complaint in the circuit court of Cook County to determine the existence of a parent-child relationship pursuant to the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/1 *et seq.* (West 2012)). Williams alleged he fathered a child (B.W.) with Petalino and requested the court enter the following orders: (1) declare him to be B.W.'s father, (2) require Petalino to pay child support, and (3) establish reasonable visitation. In her answer to the complaint, Petalino admitted Williams is B.W.'s biological father, requested Williams be ordered to pay child support, and admitted the court should establish reasonable visitation.

¶ 4    On June 25, 2013, after a hearing on all of the issues pertaining to the parentage of B.W., the circuit court entered an order finding Williams was B.W.'s father and granting Petalino sole custody of the child and provided "liberal and reasonable visitation" for Williams with specific provisions.

¶ 5    Petalino, on October 23, 2014, filed a petition for an order of protection based on Williams's alleged use of a belt on the child's buttocks as a form of punishment. Accompanying the petition was a form "Domestic Violence Cover Sheet," which indicated that the parties had previously filed a parentage action between them that was assigned case No. 12 D 279004. Upon presentment of the petition, the circuit court, although finding that there was insufficient evidence of an emergency, did schedule the matter for a hearing. At Petalino's request, on December 19, 2014, the circuit court voluntarily dismissed the petition without prejudice.

¶ 6    Petalino, on December 19, 2014, filed a petition for an emergency order of protection alleging (1) on two occasions Williams beat B.W. with a belt on his buttocks and (2) the Department of Children and Family Services indicated a finding of child abuse or neglect against Williams regarding his treatment of B.W. The emergency petition was also accompanied by a "Domestic Violence Cover Sheet" that was identical to the one previously filed and, accordingly, the matter was set for a hearing. That same day, the circuit court granted an emergency order of protection for both Petalino and B.W. Williams was ultimately served with the petition by publication.

¶ 7    On March 6, 2015, Williams was present in court and was represented by counsel who had not yet filed an appearance. The circuit court granted Williams or his counsel 21 days to file an appearance and continued the matter for status to April 21, 2015.

¶ 8    Williams, on March 27, 2015, filed his *pro se* appearance and requested an additional 14 days to respond to the motion for the order of protection and retain counsel.

¶ 9        On April 20, 2015, Williams filed a *pro se* motion for substitution of judge. In his motion, Williams asserted that he "believes it would be in his best interest to have the matter transferred to be heard before a different Judge as [the same trial judge] handled and decided the custody issues, visitation, child support and mediation matters pertaining to [Williams's] minor child." Williams further asserted he "believes that the Order of Protection would much better be handled by another Judge as there would be no past matter familiarities on any issues other than the issues at hand for the present litigation." The motion did not indicate whether Williams was seeking a substitution of judge as of right or for cause. The following day, the circuit court denied the motion for substitution of judge, granted Williams an additional 10 days to answer the order of protection, and set the matter for hearing on May 12, 2015.

¶ 10       Thereafter, Williams timely filed a motion for reconsideration, which clarified that his request for substitution of judge was being made as of right. On May 12, 2015, the circuit court denied the motion on the basis that substantive rulings had already been rendered by the same trial judge. The circuit court further ordered that the hearing be continued to June 1, 2015, for Petalino to present the remainder of her case in chief and for Williams to present his case.

¶ 11       On May 31, 2015, Williams e-mailed Petalino's counsel indicating he would be filing an emergency motion to continue the hearing the next day. The emergency motion, which is devoid of a file stamp, appears in the supplemental record and indicates that the basis for Williams's request for a continuance was for an "opportunity to subpoena his witnesses" as they were unable to be present for the hearing.

¶ 12       On June 1, 2015, after concluding the hearing, the circuit court granted a two-year plenary order of protection for Petalino and B.W. The record on appeal contains no order or report of proceedings indicating the circuit court ruled on Williams's emergency motion for a continuance. This appeal followed.

¶ 13                          ANALYSIS
¶ 14                 Substitution of Judge as of Right
¶ 15       On appeal, Williams first argues the circuit court erred when it denied his motion for substitution of judge as of right. Williams maintains his motion was timely because (1) it was filed shortly after he filed his appearance and (2) the circuit court had not made any substantive rulings. According to Williams, he had an absolute right to have his motion granted.

¶ 16       "Illinois courts have held that, when properly made, a motion for substitution of judge as a matter of right is absolute, and the circuit court has no discretion to deny the motion." *Bowman v. Ottney*, 2015 IL 119000, ¶ 17; *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 23. Accordingly, we review a denial of a motion for substitution of judge as of right *de novo*, and such review should lean toward favoring rather than defeating a substitution of judge. *Curtis v. Lofy*, 394 Ill. App. 3d 170, 176 (2009). "Orders entered after a motion for substitution of judge is wrongfully denied are void." *In re Marriage of Paclik*, 371 Ill. App. 3d 890, 896 (2007).

¶ 17       Section 2-1001(a)(2)(ii) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2)(ii) (West 2014)) provides, in relevant part, that a substitution of judge "in any civil action" may be had as follows:

        "(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

> (i) Each party shall be entitled to one substitution of judge without cause as a matter of right.
>
> (ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties."

¶ 18 According to the statute, a party must "timely" exercise the right to a substitution of judge without cause. *Id.* The statute's requirement that the motion be timely is to prohibit litigants from "judge shopping" by seeking a substitution after they have formed an opinion that the judge may be unfavorably disposed toward the merits of their case. See *Bowman*, 2015 IL 119000, ¶¶ 18, 25; *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 245-46 (2006). Accordingly, a motion for substitution of judge as of right must be (1) filed at the earliest practical moment before commencement of trial or hearing and (2) before the trial judge considering the motion rules upon any "substantial issue" in the case. *Chapman*, 2012 IL App (1st) 111792, ¶ 23; see *Hoellen*, 367 Ill. App. 3d at 245-46 (citing *In re Estate of Gay*, 353 Ill. App. 3d 341, 343 (2004)); 735 ILCS 5/2-1001(a)(2) (West 2014). A ruling is substantial if it relates directly to the merits of the case. *Colagrossi v. Royal Bank of Scotland*, 2016 IL App (1st) 142216, ¶ 30.

¶ 19 Williams maintains that the circuit court abused its discretion in denying his motion for substitution of judge based on its finding that it had rendered previous substantive rulings in the parties' parentage case. Williams contends Petalino's petition for an order of protection initiated a new domestic violence proceeding against him as evidenced by her being designated the "petitioner" and having to serve him with process. In support of his position, Williams relies on the language of the Domestic Violence Act which provides that an order of protection is "a distinct cause of action and requires that a separate summons be issued and served." 750 ILCS 60/210(a) (West 2014). Williams asserts that because the petition for an order of protection was a new proceeding, the circuit court rendered no substantive rulings in that matter and, therefore, had no basis to deny his motion for substitution of judge as of right.

¶ 20 In response, Petalino contends that she has a statutory right to file a petition for order of protection either independently or in conjunction with another civil proceeding and those civil proceedings include causes of action under the Parentage Act. 750 ILCS 60/202(a)(1) (West 2014). Petalino maintains that because she filed her petition for order of protection in conjunction with the parties' Parentage Act proceeding, where the circuit court had already made substantial rulings, the circuit court did not err in denying Williams's motion for substitution of judge as of right.

¶ 21 The parties' arguments present an issue of statutory construction. Our primary objective in construing a statute is to ascertain and effectuate the intent of the legislature. *Bowman*, 2015 IL 119000, ¶ 9. The most reliable means of achieving that goal is to apply the plain and ordinary meaning of the statutory language. *In re Commitment of Fields*, 2014 IL 115542, ¶ 32. "When construing statutory language, we view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Bowman*, 2015 IL 119000, ¶ 9. "In addition, a court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another." *Id.* (citing *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 15).

¶ 22     The parties to this appeal offer different interpretations of section 202(a)(2) of the Domestic Violence Act (750 ILCS 60/202(a)(2) (West 2014)). Both parties agree that one is allowed to file an independent cause of action for an order of protection in any civil court. Williams, however, asserts that when such a petition is filed in conjunction with another civil proceeding, section 202(a)(2) permits the filing of the petition only if the matter is pending. Petalino, on the other hand, maintains section 202(a)(2) allows a petitioner to file a petition for an order of protection in any civil proceeding, whether pending or not.

¶ 23     Section 202 of the Domestic Violence Act provides in pertinent part:

"(a) How to commence action. Actions for orders of protection are commenced:

(1) Independently: By filing a petition for an order of protection in any civil court, unless specific courts are designated by local rule or order.

(2) In conjunction with another civil proceeding: By filing a petition for an order of protection under the same case number as another civil proceeding involving the parties, including but not limited to: (i) any proceeding under the Illinois Marriage and Dissolution of Marriage Act, Illinois Parentage Act of 1984, Nonsupport of Spouse and Children Act, Revised Uniform Reciprocal Enforcement of Support Act or an action for nonsupport brought under Article 10 of the Illinois Public Aid Code, provided that a petitioner and the respondent are a party to or the subject of that proceeding or (ii) a guardianship proceeding under the Probate Act of 1975, or a proceeding for involuntary commitment under the Mental Health and Developmental Disabilities Code, or any proceeding, other than a delinquency petition, under the Juvenile Court Act of 1987, provided that a petitioner or the respondent is a party to or the subject of such proceeding." 750 ILCS 60/202 (West 2014).

¶ 24     It is well settled that we cannot read into a statute words which are not within the plain meaning of the legislature as determined from the statute itself. *Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 215-16 (1983) (quoting *Bovinette v. City of Mascoutah*, 55 Ill. 2d 129, 133 (1973)). It is readily apparent here that section 202 does not include the word "pending." Such word is not in the statute, and we cannot place it there. See *In re Estate of Tilliski*, 390 Ill. 273, 280 (1945).

¶ 25     We further acknowledge that under our tenants of statutory construction, the statute must be considered as a whole. See *Price v. Phillip Morris, Inc.*, 2015 IL 117687, ¶ 94. "Viewing a statute as a whole, words and phrases are construed in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.* In this regard, we observe that the word "pending" is used in another portion of the Domestic Violence Act pertaining to orders of protection. Section 210.1(a) addresses the type of service required when an action for an order of protection is sought in conjunction with a "pending civil case." 750 ILCS 60/210.1(a) (West 2014). This portion of the statute provides in pertinent part:

"When an action for an order of protection is sought in conjunction with a *pending* civil case in which the court has obtained jurisdiction over respondent, and respondent has filed a general appearance, then a separate summons need not issue. Original notice of a hearing on a petition for an order of protection may be given, and the documents served, in accordance with Illinois Supreme Court Rules 11 and 12." (Emphasis added.) *Id.*

While at first blush this portion of the statute appears to clarify that the "civil proceeding" referenced in section 202(a)(2) is actually a "pending" civil proceeding, a further reading of the statute belies that point. Like section 210.1(a), section 210(a) also addresses what is required for proper service of a petition for an order of protection. The relevant portion of section 210(a) provides:

"Any action for an order of protection, *whether commenced alone or in conjunction with another proceeding*, is a distinct cause of action and requires that a separate summons be issued and served, *except that in pending cases* the following methods may be used:

(1) By delivery of the summons to respondent personally in open court in pending civil or criminal cases.

(2) By notice in accordance with Section 210.1 in civil cases in which the defendant has filed a general appearance." (Emphases added.) 750 ILCS 60/210(a) (West 2014).

When section 210(a) is read in conjunction with section 210.1(a) and section 202(a)(2), it is apparent that it was the legislature's intent to make a distinction between "pending civil cases" (750 ILCS 60/210(a), 210.1(a) (West 2014)) and "another civil proceeding" (750 ILCS 60/202(a)(2) (West 2014)). A "pending civil case" is defined in section 210.1(a) as one "in which the court has obtained jurisdiction, and respondent has filed a general appearance." 750 ILCS 60/210.1(a) (West 2014). This concept is similarly invoked in section 210(a). In contrast, if a petitioner seeks to obtain an order of protection, he or she may file it in "under the same case number as another civil proceeding involving the parties, including but not limited to: (i) *any* proceeding under the *** Illinois Parentage Act of 1984." (Emphasis added.) 750 ILCS 60/202(a)(2) (West 2014). The statute then provides that service of process of a petition for an order of protection when filed "in conjunction with another proceeding" requires that a separate summons be issued and served. 750 ILCS 60/210(a) (West 2014). Thus, our legislature has prescribed different service of process requirements for petitions of orders of protection filed in "pending civil cases" and those filed "in conjunction with another civil proceeding." To accept the construction Williams advances would strip the word "pending" of any contribution to the meaning of the statute, thus violating the rule of statutory construction which requires a statute to be applied in a way that no word, clause or sentence is rendered superfluous or meaningless. See *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 532 (1999).

¶ 26    Although not raised by the parties, our supreme court rules pertaining to child custody proceedings are applicable to the matter at hand and provide further support for our determination. See Ill. S. Ct. Rs. 900 to 908 (eff. July 1, 2006) (part A of article IX governing general application to child custody proceedings). The rules, adopted by our supreme court on February 10, 2006, serve the express purpose of expediting cases affecting the custody of a child and ensuring the coordination of custody matters filed under different statutory Acts. Ill. S. Ct. R. 900 (eff. July 1, 2006). Pertinent to the matter at hand, Rules 900 to 908, except as stated therein, apply to "all child custody proceedings initiated under *** the Illinois Parentage Act of 1984 [and] the Illinois Domestic Violence Act of 1986." Ill. S. Ct. R. 900(b)(2) (eff. July 1, 2006). Rule 900 defines a "[C]hild custody proceeding" as "an action affecting child custody or visitation" and is to be interpreted broadly. Ill. S. Ct. R. 900(b)(1) (eff. July 1, 2006). The committee comments provide that, "The broad definition is important, because the

need to expedite custody decisions applies to all types of custody cases and coordination of custody cases is essential." Ill. S. Ct. R. 900(b)(1), Committee Comments (eff. July 1, 2006).

¶ 27    Illinois Supreme Court Rule 903 (eff. July 1, 2006) bears on this issue. Rule 903 provides:

"Whenever possible and appropriate, all child custody proceedings relating to an individual child shall be conducted by a single judge. Each judicial circuit shall adopt a rule or order providing for assignment and coordination of child custody proceedings. Assignments in child custody proceedings shall be in accordance with the circuit rule or order then in force."

¶ 28    The petition for an order of protection in this case was filed in the domestic relations division of the circuit court of Cook County. According to the local rules:

"A Domestic Relations case is defined as any proceeding, including but not limited to, a proceeding seeking an order or judgment relating to dissolution of marriage, declaration of invalidity of marriage or legal separation, child support and maintenance, child custody, or visitation arising under the *** Illinois Parentage Act of 1984, *** and any proceeding for an Order of Protection. Such proceedings also include all post-judgment matters *** that may be brought in the Domestic Relations Division as provided in the General Orders promulgated by the Circuit Court of Cook County, Illinois." Cook Co. Cir. Ct. R. 13.1 (eff. Apr. 1, 2009).

Both the parentage case and the petition for an order of protection were filed in a suburban district of the circuit court of Cook County. Thus, the local rules further provide that, "Judges assigned to suburban Domestic Relations Division calendars are designated Individual Calendar Judges and *shall hear all aspects of cases assigned to them*, including pre-judgment, trial, and post-judgment matters." (Emphasis added.) Cook Co. Cir. Ct. R. 13.3(d) (eff. Apr. 1, 2009); see Cook Co. Cir. Ct. G.O. 15.3, 3.8(a) (eff. Oct. 1, 1998).

¶ 29    We find *Paclik* to be instructive. In that case, the husband and wife were parties to a dissolution action before Judge Otis-Lewis. *Paclik*, 371 Ill. App. 3d at 892. After conducting numerous contested hearings on various petitions, the husband filed a petition for an order of protection against the wife. *Id.* at 893. The husband obtained an emergency order of protection from Judge Walter C. Brandon, Jr., and the custody of the parties' children was transferred from the wife to the husband. *Id.* Thereafter, the wife filed a motion to rehear the emergency order of protection and for a substitution of judge as of right, relying not only on section 2-1001(a)(2) of the Code, but also on Rule 903 and a local court rule that provided that allegations arising in a pending dissolution case shall be heard by the judge assigned to the dissolution case or by the supervising judge, at the discretion of the supervising judge. *Id.* at 893, 896. Judge Brandon denied the wife's motion and ultimately entered plenary order of protection in the husband's favor. *Id.* at 894.

¶ 30    On appeal, the court found Judge Brandon's ruling on the emergency order of protection was not a substantive ruling, and therefore, the wife's timely motion for substitution of judge should have been granted. *Id.* at 895. Pertinent to this appeal, the reviewing court further found that Judge Brandon "was required to consider the motion for substitution in light of Supreme Court Rule 903" and the local court rule, and thus, the judge's denial of the motion for substitution was "an abuse of discretion when considered in light of Supreme Court Rule 903" and the local court rule. *Id.* at 897.

¶ 31    Here, Williams initially filed the parentage action in a suburban district of the circuit court of Cook County. The judge assigned to the matter was required by the local rules to hear "all aspects" of the cases assigned to her including postjudgment matters. Cook Co. Cir. Ct. R. 13.3(d) (eff. Apr. 1, 2009). This included Petalino's petition for an order of protection. See Cook Co. Cir. Ct. R. 13.1 (eff. Apr. 1, 2009). Thus, the circuit court did not err in denying Williams's motion for substitution of judge as of right in light of Rule 903 and the pertinent local rules. See *Paclik*, 371 Ill. App. 3d at 897.

¶ 32    As we have concluded that the Domestic Violence Act does not require an individual to file a petition for an order of protection only in conjunction with a pending civil proceeding, it logically follows that because the order of protection in this case was presented in the same action as the parentage matter and was before the same judge, that the circuit court did not err in denying Williams's motion to substitute judge as of right. Moreover, Rule 903 and the pertinent local rules provide us with additional support that matters pertaining to child custody are ongoing proceedings that are best presided over by the same judge familiar with the parties and the facts. See *Paclik*, 371 Ill. App. 3d at 897; see also *In re Marriage of Kozloff*, 101 Ill. 2d 526, 531 (1984) (holding postdecree petitions in domestic relations matters do not constitute new actions but are merely continuations of the proceeding, and a substantive ruling on one petition will preclude a "change of venue as of right" on another). Accordingly, as the record here reveals that the same circuit court judge had previously entered substantial orders between the parties in the parentage case, she therefore did not abuse her discretion when she denied Williams's motion as untimely.

¶ 33                              Substitution of Judge for Cause

¶ 34    To the extent that Williams argues his motion for substitution of judge was for cause, his contentions are belied by the record.

¶ 35    A party may bring a petition for substitution of judge for cause; however, the petition must "set[ ] forth the specific cause for substitution" and must be "verified by the affidavit of the applicant." 735 ILCS 5/2-1001(a)(3)(ii) (West 2014).[1] Upon the filing of the petition, "a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition." *Id.* "[A] party's right to have a petition for substitution heard by another judge is not automatic." *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010). A judge may deny a petition without referring it to another judge if it fails to meet threshold requirements. *Id.* at 567. Specifically, the circuit court may deny the petition if it (1) was not timely filed, (2) failed to include an affidavit, or (3) alleged bias not stemming from an extrajudicial source. *Id.* at 553.

¶ 36    Here, the petition Williams presented for substitution of judge does not meet the threshold requirements. First, Williams did not specifically state the specific cause for substitution. See 735 ILCS 2-1001(a)(3)(ii) (West 2014). "In order to be entitled to a hearing before another

---

[1] As explained by our supreme court, "the statute contemplates the use of a 'motion' when seeking substitution as a matter of right and the use of a 'petition' for situations in which substitution for cause is sought. The inadvertent interchange of these words in substitution cases can lead to confusion since the requirements for substitution as of right differ from those for substitution for cause." *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 28. Accordingly, we will refer to Williams's motion as a "petition" in this section of the opinion.

judge on whether a substitution for cause is warranted, the motion must allege grounds that, if taken as true, would justify granting a substitution for cause." *Alcantar v. Peoples Gas Light & Coke Co.*, 288 Ill. App. 3d 644, 649 (1997). Williams alleged in his petition for substitution of judge that it was improper for Judge Reynolds to preside over the matter because she was familiar with the parties and their son due to the fact she presided over the parentage action. "A judge's previous rulings can only constitute a valid basis for a claim of judicial bias if 'they reveal an opinion that derives from an extrajudicial source' or 'such a high degree of favoritism or antagonism as to make fair judgment impossible.' " *Deutsche Bank National Trust Co. v. Nichols*, 2013 IL App (1st) 120350, ¶ 17 (quoting *Eychaner v. Gross*, 202 Ill. 2d 228, 281 (2002)). Taking the assertions in the motion as true, we conclude that Williams did not establish cause for substitution as meant under section 2-1001(a)(3) of the Code. See *Danhauer v. Danhauer*, 2013 IL App (1st) 123537, ¶ 25 (affirming the circuit court's denial of a petition for substitution of judge for cause where the petitioners did not sufficiently allege bias derived from an extrajudicial source or a high degree of favoritism or antagonism that would render fair judgment impossible); *Deutsche Bank National Trust Co.*, 2013 IL App (1st) 120350, ¶ 17 (finding the defendant's petition for substitution of judge for cause failed to meet the threshold requirements as the motion failed to allege any bias stemming from an extrajudicial source); *Shachter v. City of Chicago*, 2011 IL App (1st) 103582, ¶ 25 (" 'actual prejudice' must be established in any petition seeking substitution of judge for cause" (quoting *O'Brien*, 2011 IL 109039, ¶ 30)).

¶ 37     Second, Williams failed to verify the petition with an affidavit. "In order to trigger the right to a hearing before another judge on the question of whether substitution for cause is warranted in a civil case pursuant to section 2-1001(a)(3), the request must be made by petition, the petition must set forth the specific cause for substitution, and the petition must be verified by affidavit." *Wilson*, 238 Ill. 2d at 553; 735 ILCS 5/2-1001(a)(3)(ii) (West 2014). Accordingly, the circuit court did not err in denying Williams's petition for substitution of judge. See *In re J.D.*, 332 Ill. App. 3d 395, 404 (2002) (finding the petition for substitution of judge for cause was properly denied where the petition was not verified by an affidavit).

¶ 38                                   Motion for a Continuance

¶ 39     Lastly, Williams argues that the trial court abused its discretion when it denied his emergency motion for a continuance.

¶ 40     Pursuant to section 213(b) of the Domestic Violence Act, "[c]ontinuances should be granted only for good cause shown and kept to the minimum reasonable duration, taking into account the reasons for the continuance." 750 ILCS 60/213(b) (West 2014). Moreover, section 2-1007 of the Code (735 ILCS 5/2-1007 (West 2014)), which is also applicable to this action (see 750 ILCS 60/205(a) (West 2014)), provides "[o]n good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." 735 ILCS 5/2-1007 (West 2014). It is well settled that a litigant does not have an absolute right to a continuance. *In re Marriage of Ward*, 282 Ill. App. 3d 423, 430 (1996). "The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be disturbed on appeal 'unless it has resulted in a palpable injustice or constitutes a manifest abuse of discretion.' " *K&K Iron Works, Inc. v. Marc Realty, LLC*, 2014 IL App (1st) 133688, ¶ 22 (quoting *Wine v. Bauerfreund*, 155 Ill. App. 3d 19, 22 (1987)). "A circuit court's ruling is considered an abuse

of discretion when it is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *Id.*

¶ 41 In response to Williams's claim that the trial court abused its discretion when it denied his emergency motion for a continuance, Petalino asserts that Williams has waived this issue because he failed to provide a complete record for our review. In reply, Williams argues that Petalino's response "offers no authority that the court cannot simply rely on the four corners of [the] order that was entered at the time Williams presented his motion for a continuance and clearly sets forth the ruling of Judge Reynolds."

¶ 42 We find Williams's reply to be perplexing as he references a circuit court order that (1) he did not cite in his brief in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), (2) was not attached to his appendix as required by Illinois Supreme Court Rule 342(a) (eff. Jan. 1, 2005), and, (3) based on our diligent review, does not exist in the record. Moreover, as previously noted, the copy of his emergency motion for a continuance is not file-stamped by the clerk of the circuit court. In fact, our review of the record reveals that there is no indication that his emergency motion was ever presented to the circuit court at all. Accordingly, we agree with Petalino that Williams's argument is not sufficiently supported by the record, and therefore, we are prohibited from conducting any sort of meaningful review of his claim. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 43 It is Williams's duty, as the appellant, to provide this court with a sufficient record of the trial proceedings to support his claims of error. *Foutch*, 99 Ill. 2d at 391-92. In the absence of such a record, we must presume the circuit court acted in conformity with the law and with a sufficient factual basis for its findings. *Id.* In addition, any doubts arising from an incomplete record will be resolved against the appellant. *Id.* Here, in addition to the fact the order denying the emergency motion does not appear in the record, there are no transcripts in the record of the proceedings below, no bystander's report was submitted to and approved by the circuit court, and no agreed statement of facts was provided to this court as allowed by Rule 323 (Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)). Accordingly, this court can only rely on the documents submitted within the record on appeal, and in the absence of a record of what occurred in the circuit court, we will presume the circuit court acted in conformity with the law and affirm its decision. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 44                                     CONCLUSION
¶ 45 For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 46 Affirmed.