*In re* MARRIAGE OF MISAO (OKUBO) ROACH, Petitioner-Appellee and Cross-Appellant, and JOSEPH M. ROACH, Respondent-Appellant and Cross-Appellee.

Fourth District No. 4—92—0634

Opinion filed June 3, 1993.—Rehearing denied July 12, 1993.

Raymond R. Kimpel, of Champaign, for appellant.

John B. Hensley, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE COOK delivered the opinion of the court:

Joseph Roach appeals an order of the circuit court of Champaign County denying his motion for change of venue. Misao Roach cross-appeals, contending the trial court erred in (1) declining to hold Joseph in contempt of court, (2) denying her request for attorney fees, and (3) failing to increase her maintenance. We reverse the order denying attorney fees, and otherwise affirm.

Misao and Joseph were married in Yokohama, Japan, in 1947. Later that year they moved to the United States and in 1948 purchased a house in Massachusetts. The parties had four children; throughout the marriage, Misao took care of the children and did not work. In 1961 Misao and Joseph were divorced in Connecticut. Joseph subsequently married his present wife Enid. By the terms of the 1961 judgment of dissolution Misao was awarded custody of the children, and Joseph was ordered to pay $10 per week for the support of each child, pay $12.15 per week as alimony, maintain certain life insurance policies for the benefit of Misao and the children, and pay other listed expenses.

On June 30, 1988, Misao filed a petition to register the Connecticut judgment and a petition to enforce the judgment alleging Joseph had failed to make the required payments. On January 30, 1989, Misao filed a petition to increase maintenance. On February 27 Misao filed a motion for summary judgment, and Joseph filed a response to the petition to increase maintenance, denying there had been a change of circumstances increasing Misao's need for maintenance. On May 15 a stipulation was entered; the trial court found the stipulation reasonable and, pursuant to it, ordered Joseph to immediately pay $35,000 to Misao and to direct the military finance center to disburse $250 per month to Misao from his military pension. The court terminated several provisions of the 1961 judgment requiring Joseph to make various payments on behalf of Misao. The provision in the original order requiring Joseph to retain a $10,000 life insurance policy with the children listed as beneficiaries was not changed. Misao agreed in the stipulation to accept the payment and modifications as consideration for a "full and final compromise" of any and all claims through March 20, 1989.

On November 14, 1990, Misao filed a petition for rule to show cause alleging Joseph willfully failed to comply with the terms of the May 15, 1989, court-ordered maintenance. The same day, the trial court entered a rule to show cause why Joseph should not be held in contempt of court. On August 7, 1991, Joseph filed a petition to terminate maintenance alleging a substantial and material

change in circumstances. On December 16 Misao filed a second petition for rule to show cause why Joseph should not be held in contempt of court for willful failure to pay court-ordered maintenance and to provide required proof of insurance coverage. On December 17 Misao filed a motion to increase maintenance because she had lost her job. On December 18 the trial court issued a second rule to show cause why Joseph should not be held in contempt of court, and set the hearing for March 2, 1992.

On February 19, 1992, Joseph filed a motion for change of venue alleging he feared he would not receive a fair trial because Judge Donald Parkinson was prejudiced against him. At the February 24 hearing on the motion, Misao filed a written objection and, after oral arguments, the trial court denied the motion. Neither party sought to introduce any evidence at the hearing. On February 28 Joseph filed a motion to dismiss Misao's motion to increase maintenance and rule to show cause, and a motion for reconsideration of the motion for change of venue. Joseph's motions were denied and, on April 16, the trial court found Joseph in contempt on the second rule to show cause, based on his willful failure to provide insurance coverage and pay maintenance as required in the May 15, 1989, court order. The trial court also denied Misao's motion to increase maintenance and Joseph's motion to terminate maintenance. On May 22, 1992, the trial court entered judgment against Joseph for (1) Misao's attorney fees of $1,326, (2) past-due maintenance of $2,750, (3) withholding of $250 per month for maintenance, (4) deposit of $10,000 into a bank account with the children as beneficiaries, and (5) payment of $2,600 owed to Misao from a life insurance policy. Joseph filed a post-trial motion which the trial court denied. Joseph then filed a timely notice of appeal and Misao cross-appealed.

■ On appeal Joseph contends that as he had an absolute right to a change of venue the trial court erred in denying that motion. Under section 2—1001 of the Code of Civil Procedure (Code), a right to a change of venue exists where a petition asserting prejudice on the part of the trial judge is duly made, verified, and filed. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1001; see *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 95-96, 507 N.E.2d 912, 919.) If the petition is filed prior to the hearing and before the judge has made any substantive rulings, the trial court has no discretion to deny such a request. (*Betts*, 155 Ill. App. 3d at 96, 507 N.E.2d at 919.) However, "post-decree petitions do not constitute new actions, but merely continuations of the dissolution proceeding, and a substan-

tive ruling on one petition will preclude a change of venue as of right on another." (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 531, 463 N.E.2d 719, 722.) Any substantive ruling made by a judge at any time during the dissolution proceedings or during post-trial motions precludes a change of venue as of right before that same judge. *Betts*, 155 Ill. App. 3d at 97, 507 N.E.2d at 920.

 ■ Pretrial conferences, where no decisions were made affecting the merits of the case, and rulings on motions for continuance, unopposed motions for leave to amend, discovery motions, and motions for severance have all been held not to be rulings on substantial issues which would prevent a change of judge as of right. (*In re Marriage of Birt* (1987), 157 Ill. App. 3d 363, 368, 510 N.E.2d 559, 562-63.) The issuance of a protective order ordering that a parent have access to a child pending a ruling on temporary custody is, however, a ruling on a substantial issue. (*In re Marriage of Kenik* (1989), 181 Ill. App. 3d 266, 271, 536 N.E.2d 982, 984-85.) Even when the trial court has not ruled on a substantial issue, it appears the motion may be denied if the movant has had an opportunity to test the waters and form an opinion as to the court's reaction to his claim (*Kozloff*, 101 Ill. 2d at 531, 463 N.E.2d at 721; *Kenik*, 181 Ill. App. 3d at 271, 536 N.E.2d at 984; *Hader v. St. Louis Southwestern Ry. Co.* (1991), 207 Ill. App. 3d 1001, 1007, 566 N.E.2d 736, 740), or if the movant is simply attempting to delay or avoid trial. (*People ex rel. Baricevic v. Wharton* (1990), 136 Ill. 2d 423, 430-31, 556 N.E.2d 253, 256 (discussing Ill. Rev. Stat. 1987, ch. 38, par. 114—5(a)).) The legislature has amended section 2—1001, and added a new section 2—1001.5, to distinguish between changes of judge and changes of the place of trial, both of which were formerly referred to as "changes of venue." (735 ILCS 5/2—1001, 2—1001.5 (West 1992), Pub. Act 87—949, §§2—1001, 2—1001.5, eff. January 1, 1993 (1992 Ill. Legis. Serv. 1781, 1782-83 (West)).) Amended section 2—1001, which does not apply to this case, eliminates the necessity for the movant to recite that he fears the judge is prejudiced against him, and allows each party "one substitution of judge without cause as a matter of right." (735 ILCS 5/2—1001(a)(2)(i) (West 1992).) Amended section 2—1001 preserves the limitation imposed by the decided cases that the motion must be made "before the judge to whom it is presented has ruled on any substantial issue in the case." (735 ILCS 5/2—1001(a)(2)(ii) (West 1992).) It is interesting that amended section 2—1001 says nothing of situations where a movant has been able to test the waters, or where the motion is filed simply for delay, although the sec-

tion does require the motion to be "timely." The word "timely" is not defined, unless we should assume that "timely" means "presented before trial or hearing begins." 735 ILCS 5/2—1001(a)(2)(ii) (West 1992).

Here, the Connecticut dissolution of marriage was registered and petitions were filed to enforce the judgment and to modify maintenance. Judge Parkinson then entered an order finding the parties' stipulation fair and reasonable, requiring Joseph to make certain payments, and modifying the 1961 judgment. We find this order to be a substantive ruling in the parties' case. Therefore, when Joseph filed his motion for change of venue nearly two years later in the enforcement proceedings, he did not have an absolute right to a change of venue.

Because Judge Parkinson had made a substantive ruling prior to Joseph's motion for change of venue, Joseph had to demonstrate actual and specific prejudice. (*Betts*, 155 Ill. App. 3d at 96, 507 N.E.2d at 920.) A motion for a change of judge based on actual prejudice must be brought at the earliest practical moment after the prejudice is discovered and the change of venue is a matter of judicial discretion. (*Betts*, 155 Ill. App. 3d at 96, 507 N.E.2d at 920.) Here, Joseph alleged in his motion that he feared Judge Parkinson was prejudiced against him, yet he offered no support for his allegation. Judge Parkinson did not abuse his discretion in denying the motion for change of venue based on his finding that "[t]here has been absolutely no demonstration here or showing of a factual basis as to why the court would be prejudiced against the defendant." As additional support for denying the change of venue, Judge Parkinson found the motion was "solely to delay the proceedings" and was not presented in proper form with affidavit attached. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—1001(c).) These reasons further support Judge Parkinson's discretionary ruling to deny change of venue.

Misao cross-appeals contending the trial court erred in not holding Joseph in contempt on the first rule to show cause issued November 14, 1990. Apparently she does so in the belief that a finding of contempt is a prerequisite to an award of attorney fees under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 508(b)). Misao contends Joseph willfully delayed for nearly two years the implementation of a court-ordered allotment of $250 for maintenance. The trial court found "it would appear that on a fairly regular basis of some sort there was payment made with regard to the $250 here." The evi-

dence showed Joseph made monthly payments from June 1989 through July 1990, and then made eight payments in March 1991. Joseph then started an allotment and Misao received maintenance until June 1991 when he cancelled the allotment. Whether a party is guilty of contempt is a question of fact for the trial court, and a reviewing court will not disturb the finding unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion. (*In re Marriage of Dall* (1991), 212 Ill. App. 3d 85, 97, 569 N.E.2d 1131, 1139.) Here, the relevant time period is May 1989, the date setting maintenance at $250, through November 1990, the date of Misao's petition for rule to show cause. The evidence shows that although some of the payments were untimely, and were made directly by Joseph rather than by allotment as ordered by the court, Joseph eventually made all of the payments. We find the trial court did not abuse its discretion in declining to find Joseph in contempt for these late payments.

■ The purpose of civil contempt is coercive: to require compliance with some order previously entered by the court. Where that order has in fact been complied with, the court need not find the respondent in contempt, but it is still necessary to determine whether any failure to pay was "without cause or justification" for purposes of mandatory attorney fees under section 508(b) of the Act (Ill. Rev. Stat. 1991, ch. 40, par. 508(b)). Although a finding of contempt carries with it an implicit finding that failure to make payments was without cause or justification (*Betts*, 155 Ill. App. 3d at 105, 507 N.E.2d at 926), a finding of no contempt is not always a finding of cause or justification. The November 14, 1990, petition alleged Joseph willfully failed to comply with the maintenance order. Joseph brought his payments current by making eight payments in March 1991. The December 16, 1991, petition for a rule to show cause alleged, among other things, that Joseph again failed to make timely maintenance payments, and the trial court found that failure was without cause or justification. We find nothing in the record from which the trial court could have concluded that failure to make payments prior to November 1990 was due to some cause or justification. That the maintenance payments were eventually made does not change the fact it was necessary for Misao to employ an attorney and to file a petition to receive the amounts owed her. Accordingly, we reverse the trial court's failure to award mandatory attorney fees on the first petition for a rule to show cause, and remand so that the trial court may determine the amount of those fees.

■ Misao also contends the trial court erred in denying her petition to increase maintenance. The decision to modify maintenance is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (*Ingrassia v. Ingrassia* (1987), 156 Ill. App. 3d 483, 492, 509 N.E.2d 729, 736.) The party seeking modification of a maintenance order bears the burden of showing the needs of the spouse receiving maintenance have changed or the ability of the other spouse to pay maintenance has changed. (*In re Marriage of Pedersen* (1992), 237 Ill. App. 3d 952, 956, 605 N.E.2d 629, 632-33.) The showing of a substantial change in circumstances enables a court to modify maintenance but does not require that it do so. A court which has found that a substantial change in circumstances has occurred must then weigh the same factors which the court considered in originally setting maintenance, and may decide that a modification of maintenance is still not justified. Here, Misao had the burden to show a further modification was justified since the trial court increased Joseph's maintenance to $250 in May 1989. The evidence showed Misao lost her job when her employer went out of business in May 1990, decreasing her net income by $271 per month. In addition, her social security benefits increased by $32 per month, and her living expenses increased $134 per month. Joseph's pension increased $104 per month, his social security increased $90 per month, and his living expenses increased $68 per month. Joseph also divested himself of his troubled restaurant business and paid $47,517 in delinquent taxes owed to the Internal Revenue Service. Both parties have had significant events in their lives, some positive, some negative. We cannot say the trial court's balancing of Misao's need for increased maintenance against Joseph's ability to pay was improper. The trial court's determination that maintenance should not be modified was not contrary to the manifest weight of the evidence.

Affirmed in part; reversed in part and remanded.

STEIGMANN, P.J., and LUND, J., concur.