JENNY REBECCA SCROGGINS, Petitioner-Appellee, v. LARRY JOE SCROGGINS, Respondent-Appellant.

Fourth District    No. 4—01—0232

Opinion filed January 24, 2002.

James L. Ayers, of Shonkwiler, Ayers & Rhoades, of Monticello, for appellant.

No brief filed for appellee.

JUSTICE COOK delivered the opinion of the court:

Respondent Larry Joe Scroggins appeals from a plenary order of protection issued by the Piatt County circuit court. Respondent argues that the trial court abused its discretion when it denied his motion for substitution of judge as of right. Respondent also argues the trial court did not have authority to appoint a domestic violence attorney to petitioner Jenny Rebecca Scroggins. We affirm in part, reverse in part, and remand with instructions.

## I. BACKGROUND

Petitioner commenced proceedings under the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 through 401 (West 2000)) by filing a verified petition for order of protection (750 ILCS 60/202(a)(1) (West 2000)). On January 18, 2001, petitioner appeared *pro se* and the trial court granted an *ex parte* emergency order of protection. Hearing was set for an extension of the emergency order of protection or a plenary order of protection for January 29, 2001. On January 29, 2001, respondent appeared with counsel and petitioner appeared *pro se*. The court appointed petitioner a domestic violence attorney, extended the emergency order of protection, and set the hearing on the motion for plenary order of protection for February 16, 2001.

On January 30, 2001, petitioner's appointed attorney filed a "Notice unto Parties." This notice was served on both petitioner and respondent. The notice informed the parties that the domestic violence attorney fees would be paid by the county and that the court customarily ordered either the petitioner or respondent to reimburse the county for the cost of appointed counsel. The notice stated that, as a rule, if the plenary order of protection were granted, then respondent may be ordered to reimburse the county. Conversely, if the plenary order of protection were not granted, petitioner may be ordered to reimburse the county.

On February 15, 2001, the day before the scheduled hearing on the plenary order of protection, respondent filed a motion for substitution of judge as of right pursuant to section 2—1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2—1001(a)(2) (West 2000)). On February 16, 2001, petitioner's appointed counsel filed a response to the motion for substitution of judge, alleging that he did not get notice of the motion until 4 p.m. on February 15 and did not get a copy of the motion until 10 a.m. on February 16. Petitioner's appointed counsel

further alleged that settlement negotiations had broken down and the motion was filed for the purpose of delaying the hearing on the motion for plenary order of protection. Respondent's attorney denied that the motion was filed for purposes of delay.

The trial court ruled on respondent's motion for substitution of judge as of right on February 16, 2001, at the scheduled hearing on the motion for plenary order of protection. The trial court denied petitioner's motion for substitution of judge as of right, finding that the motion was not timely filed. The trial court then issued a plenary order of protection on respondent's stipulation that petitioner's evidence, if believed by the court, supported granting a plenary order of protection.

On February 23, 2001, the trial court ordered the county treasurer to pay the appointed domestic violence attorney $712.50 for his services. On March 14, 2001, the trial court ordered respondent to pay the county $712.50 as reimbursement for the appointed domestic violence attorney fees.

On appeal, respondent argues that the trial court abused its discretion when it denied his motion for substitution of judge as of right. Respondent also argues that the trial court did not have authority to appoint the domestic violence attorney under the Illinois Domestic Violence Act (750 ILCS 60/101 through 401 (West 2000)).

## II. ANALYSIS

■ Petitioner did not file a brief for this appeal. We decide the case on the merits and reverse because "appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

### A. Motion for Substitution of Judge as of Right Without Cause

■ Motions for substitutions of judges as of right without cause are governed by section 2—1001 of the Code (735 ILCS 5/2—1001 (West 2000)), which states in pertinent part:

"(a) A substitution of judge in any civil action may be had in the following situations:

\*\*\*

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented

before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

(iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as of right by the party."

■ "The substitution of judge as a matter of right is absolute where the motion requesting the substitution is filed before the judge presiding in the case has made a substantial ruling." *Alcantar v. Peoples Gas Light & Coke Co.*, 288 Ill. App. 3d 644, 648, 681 N.E.2d 993, 995 (1997). Only rulings made after all parties who are not defaulted make an appearance are to be considered in granting or denying the motion. 735 ILCS 5/2—1001(a)(2)(iii) (West 2000). In this case, the only ruling made after respondent made his appearance was a continuance on the court's own motion, which is not a ruling on a substantial issue.

Under prior statutes allowing the automatic substitution of a judge, an inquiry could be made whether the motion was filed simply for delay or whether the movant had an opportunity to test the waters and form an opinion as to the court's reaction to his claim. *In re Marriage of Roach*, 245 Ill. App. 3d 742, 746-47, 615 N.E.2d 30, 33 (1993). The present version of section 2—1001(a)(2), however, has adopted a new test. Under the present version, it is not necessary to allege that the judge is prejudiced against the defendant. *Cf.* Ill. Rev. Stat. 1987, ch. 38, par. 114—5(a). Under the present version of section 2—1001(a)(2), the right to a substitution without cause must be "timely exercise[d]." 735 ILCS 5/2—1001(a)(2) (West 2000). A party timely exercises his right if his motion "is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." 735 ILCS 5/2—1001(a)(2)(ii) (West 2000); *Roach*, 245 Ill. App. 3d at 747, 615 N.E.2d at 33. Respondent's motion was timely filed because it was made by motion, before the hearing and before the judge had ruled on any substantial issue in the case.

■ Therefore, respondent had an absolute right to a substitution of judge. It was an abuse of discretion for the trial court to deny the motion, and we reverse the order denying the motion. The trial court's error in denying the motion for substitution of judge tainted the subsequent rulings granting the plenary order of protection and ordering respondent to reimburse the county for petitioner's appointed counsel's fees, and we are also required to reverse those orders. *Sarah*

*Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 190, 643 N.E.2d 276, 281 (1994).

## B. Appointment of the Domestic Violence Attorney

■ Respondent next argues that the trial court did not have authority to appoint counsel for petitioner in this proceeding under the Illinois Domestic Violence Act (750 ILCS 60/101 through 401 (West 2000)). We disagree. Trial courts are in fact encouraged to appoint counsel to the indigent in "domestic relations matters." See 705 ILCS 130/1 through 30 (West 2000) (Domestic Relations Legal Funding Act). Lawsuits involving orders of protection are a "domestic relations matter" under the Domestic Relations Legal Funding Act (705 ILCS 130/10 (West 2000)). The legislature has found that "providing legal representation to the indigent party in domestic relations cases has a great potential for efficiently reducing the volume of matters which burden the court system in this State." 705 ILCS 130/5 (West 2000). Therefore, we find that the trial court had authority to appoint counsel to petitioner in this domestic relations matter.

## III. CONCLUSION

We reverse the order of the trial court denying respondent's motion for substitution of judge. We reverse the orders granting the plenary order of protection and requiring respondent to reimburse the county for petitioner's appointed domestic violence attorney fees. We affirm the order appointing the domestic violence attorney to petitioner. We remand the case and extend the emergency order of protection for the appointment of a new judge and a new hearing on the motion for plenary order of protection.

Affirmed in part and reversed in part; cause remanded with directions.

MYERSCOUGH and STEIGMANN, JJ., concur.