# Illinois Official Reports

## Appellate Court

---

### *Williams v. Leonard*, **2017 IL App (1st) 172045**

---

| | |
|---|---|
| Appellate Court Caption | ANGELA WILLIAMS, a Minor, by Her Father and Next Friend RICHARD WILLIAMS, and REGINA HOLLOWAY, Plaintiffs-Appellees, v. GREGORY LEONARD, Lakeshore Recycling Systems, LLC, and LRS Holdings, LLC, Defendants (Gregory Leonard, Defendant-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-17-2045 |
| Filed | December 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-3861; the Hon. William E. Gomolinski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Melissa A. Murphy-Petros, Kathleen McDonough, and Robert M. Campobasso, of Wilson Elser Moskowitz Edelman & Dicker LLP, of Chicago, for appellant.<br><br>Joseph R. Curcio and Tracy A. Robb, of Curcio Law Offices, of Chicago, for appellees. |

Panel

JUSTICE HOWSE delivered the judgment of the court, with opinion. Justices Fitzgerald Smith and Lavin concurred in the judgment and opinion.

## OPINION

¶ 1    This case presents a matter of first impression for this court: whether a defendant may move for substitution of judge as a matter of right under our supreme court's decision in *Bowman v. Ottney*, 2015 IL 119000, when a plaintiff has voluntarily dismissed her case after the trial court has ruled on substantive issues in the case and then refiled the same case against the same defendant. Stated differently, the question is whether our supreme court limited the proscription on motions for substitution of judge as a matter of right in refiled proceedings following voluntary dismissal, where the refiled case is assigned to the same trial judge who had ruled on substantive issues in the original case, to the plaintiff who voluntarily dismissed the case, or whether the defendant retains the right to seek a substitution of judge as a matter of right in the refiled case. We answer in the negative and affirm the trial court's judgment denying defendant's motion for substitution of judge in this case.

¶ 2                                   BACKGROUND

¶ 3    The resolution of the issues presented by this appeal is governed by the application of the law to undisputed facts. In August 2015, plaintiffs filed a complaint (original complaint) against defendant, Gregory Leonard, and later an amended complaint (amended complaint) adding Leonard's employers as defendants. Neither plaintiffs' original complaint nor their amended complaint contained a jury demand. In October 2015, plaintiffs filed a motion for leave to file a late jury demand, which the trial court denied for reasons not germane to the issues on appeal. In November 2016, plaintiffs filed a second amended complaint, and later that month employer-defendants moved to dismiss certain counts. In February 2017, the trial court granted employer-defendants' motion to dismiss with prejudice. In April 2017, plaintiffs moved for voluntary dismissal of their second amended complaint (hereinafter *Williams I*). The trial court granted the motion for voluntary dismissal.

¶ 4    Days later, plaintiffs refiled their complaint (hereinafter *Williams II*) pursuant to section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2016)). The complaint in *Williams II* only adds a jury demand to plaintiffs' claims. The clerk of the circuit court assigned *Williams II* to the same trial judge who presided over the case under *Williams I* pursuant to an administrative order of the circuit court. In May 2017, defendant filed a motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2016)). Plaintiffs objected to defendant's motion to substitute judge based on (1) the aforementioned administrative order and (2) our supreme court's decision in *Bowman*. Plaintiffs argued that under *Bowman* their refiled case was not a new case for purposes of section 2-1001(a)(2) and, since the trial judge had ruled on substantial issues "in the case," defendant was precluded from moving for substitution of judge as a matter of right.

¶ 5    Relying on *Bowman*, the trial judge denied defendant's motion to substitute judge as a matter of right. The trial judge recognized that (1) whether *Bowman* applied to the defendant in

a voluntarily dismissed, then refiled, case was a significant question and (2) if he was wrong and improperly denied defendant's motion to substitute judge as a matter of right, all of his subsequent orders would be void. With that in mind, the judge stated he would enter whatever orders were needed to allow defendant to appeal his ruling. Defendant filed a notice of interlocutory appeal as of right pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). The trial court entered an order on its own motion, staying proceedings pending resolution of this appeal. Defendant filed a motion in this court, seeking a finding that we have jurisdiction to hear this appeal pursuant to Rule 307(a)(1). This court granted the motion, finding we have jurisdiction to hear this appeal.

¶ 6 For the following reasons, we affirm the trial court's judgment denying defendant's motion to substitute judge as a matter of right and hold, pursuant to our supreme court's decision in *Bowman*, that where a plaintiff voluntarily dismisses a case after the trial judge has ruled on substantial issues then refiles the same case against the same defendant, neither party may move to substitute judge as a matter of right under section 2-1001(a)(2) of the Code in the refiled case.

¶ 7                                    ANALYSIS

¶ 8 Defendant argues the trial court erroneously denied his motion for substitution of judge because the motion was timely, he made the motion before trial or hearing on *Williams II* began, and he made the motion before the trial judge "had ruled on any substantial issue in *Williams II*." Defendant argues that his motion satisfied all of the statutory criteria; thus the trial court was without discretion to deny it, and nothing in our supreme court's decision in *Bowman*, 2015 IL 119000, changes that fact.

¶ 9 We review the denial of a motion to substitute judge as a matter of right *de novo*, and our review should lean toward favoring, rather than defeating, a substitution of judge. *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶ 16. "Illinois courts have held that, when properly made, a motion for substitution of judge as a matter of right is absolute, and the circuit court has no discretion to deny the motion." (Internal quotation marks omitted.) *Id.* Substitution of judge in a civil action is controlled by section 2-1001(a)(2) of the Code.

> "The version of section 2-1001 that is currently in effect was enacted in 1993, when the General Assembly rewrote the statute. Prior to the 1993 amendment, the provisions under which a party could request a substitution of judge were embodied in the legislative acts governing changes of venue. Ill. Rev. Stat. 1991, ch. 110, ¶¶ 2-1001, 2-1002. Under those provisions, a party seeking a substitution of judge was required to allege bias or prejudice on the part of the judge presiding in the cause." *Bowman*, 2015 IL 119000, ¶ 14.

¶ 10 Section 2-1001 now reads, in pertinent part, as follows:

> "(a) A substitution of judge in any civil action may be had in the following situations:
>
> ***
>
> (2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).
>
> > (i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties.

(iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of judge as of right by the party." 735 ILCS 5/2-1001(a)(2) (West 2016).

¶ 11    Thus, the requirements for the exercise of the absolute right to substitute a judge are that (1) the party seeking a substitution timely exercises the right, (2) the party seeking a substitution files a motion to substitute judge before trial or hearing begins, and (3) the trial judge has not ruled on any substantial issue in the case. See *Petalino*, 2016 IL App (1st) 151861, ¶ 18; *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 245-46 (2006) ("to prohibit litigants from 'judge shopping' and seeking a substitution only after they have formed an opinion that the judge may be unfavorably disposed toward the merits of their case, a motion for substitution of judge as of right must be filed at the earliest practical moment before commencement of trial or hearing and before the trial judge considering the motion rules upon a substantial issue in the case"). "A ruling is substantial if it relates directly to the merits of the case." *Petalino*, 2016 IL App (1st) 151861, ¶ 18. On the question of timeliness, courts have ruled that "[e]ven when the court has not ruled on a substantial issue, the motion may be denied if the movant had an opportunity to test the waters and form an opinion as to the court's reaction to his claim." *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 338 (2001). But, as our supreme court recognized in *Bowman*, the "test the waters" doctrine "has been discredited and rejected" by some courts. *Bowman*, 2015 IL 119000, ¶ 5 (citing *Schnepf v. Schnepf*, 2013 IL App (4th) 121142). The *Bowman* court majority passed on the opportunity to opine on the continued validity of the "test the waters" doctrine because the doctrine was inapplicable in that case. *Id.* ¶ 27. The dissenting justice in *Bowman* expressed his agreement with the rationale of the *Schnepf* court. *Id.* ¶ 41 (Kilbride, J., dissenting).

¶ 12    In *Schnepf*, the Fourth District of this court acknowledged that the weight of appellate court authority supported the position that a trial court may deny a motion for substitution of judge as of right in the absence of a ruling on a substantial issue if the movant has had an opportunity to "test the waters" and form an opinion as to the court's disposition toward the case. *Schnepf*, 2013 IL App (4th) 121142, ¶ 30 (citing cases). Nonetheless, the *Schnepf* court wrote that the doctrine is "no longer an appropriate judicial supplement to the substitution-of-judge analysis." *Id.* The court conducted a review of the origins and evolution of the doctrine, including its relationship to the standard for substitution of judge under the prior version of the statute. The *Schnepf* court noted a number of cases in which, under the former statute, "the party petitioning for a change of venue was required to allege that he feared the trial judge was prejudiced against him, but the procedural facts of the cases suggested a possible ulterior motive behind the party's desire to be heard in front of a different judge." *Id.* ¶ 39. The *Schnepf* court found those decisions, each discussing the "test the waters" doctrine, reflected "the courts' attempts to stay true to the intended purpose of the old version of section 2-1001(a)(2), which was to ensure that a litigant 'not be compelled to plead his cause before a judge who is

- 4 -

prejudiced, whether actually or only by suspicion.' [Citation.]" *Id.* The *Schnepf* court concluded:

> "The 'test the waters' doctrine was rendered obsolete 20 years ago by introduction of the right to a substitution of judge without cause under the new version of section 2-1001(a)(2). The doctrine not only does nothing to advance the functioning of section 2-1001(a)(2), it affirmatively frustrates its purpose. By inviting the trial judge to make the potentially nuanced, subjective determination of whether he has tipped his hand at some point during the proceedings, the doctrine undermines the movant's right to have the fate of his case placed in the hands of a different judge." *Id.* ¶ 50.

The amendment to section 2-1001 eliminated the requirement a party recite she fears the trial judge is prejudiced against her and allows each party one substitution without cause as a matter of right. *Id.* ¶ 44 (citing *In re Marriage of Roach*, 245 Ill. App. 3d 742, 746-47 (1993)). In *Roach*, the Fourth District wrote:

> "It is interesting that amended section 2-1001 says nothing of situations where a movant has been able to test the waters, or where the motion is filed simply for delay, although the section does require the motion to be 'timely.' The word 'timely' is not defined, unless we should assume that 'timely' means 'presented before trial or hearing begins.' 735 ILCS 5/2-1001(a)(2)(ii) (West 1992)." *In re Marriage of Roach*, 245 Ill. App. 3d at 746-47.

According to the *Schnepf* court, this court would later "overlook[ ] the context of [their] discussion in *Roach* regarding the 'test the waters' doctrine" in our decision *In re Marriage of Abma*, 308 Ill. App. 3d 605 (1999) (*Schnepf*, 2013 IL App (4th) 121142, ¶ 46), wherein this court stated that "in *Roach*, the court also noted that even in the absence of a substantial ruling in the case, a motion for a change of venue may nonetheless be considered untimely if the parties have had an opportunity to discern the court's disposition toward the merits of the case." *Abma*, 308 Ill. App. 3d at 611 (citing *In re Marriage of Roach*, 245 Ill. App. 3d at 746). The *Schnepf* court wrote that the Fourth District then "attempted to set the record straight regarding the 'test the waters' doctrine" in its decision in *Scroggins v. Scroggins*, 327 Ill. App. 3d 333 (2002). *Schnepf*, 2013 IL App (4th) 121142, ¶ 47.Then in that case, the Fourth District found "timely" means presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case. *Scroggins*, 327 Ill. App. 3d at 336 ("A party timely exercises his right if his motion 'is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case.' " (quoting 735 ILCS 5/2-1001(a)(2)(ii) (West 2000) and citing *In re Marriage of Roach*, 245 Ill. App. 3d at 747 (noting lack of definition of "timely" in statute "unless we should assume that 'timely' means 'presented before trial or hearing begins.' 735 ILCS 5/2-1001(a)(2)(ii) (West 1992).")))). Later, *Schnepf* provided the rationale to support concluding that "timely" in section 2-1001(a)(2) does *not* mean "before the moving party has had an opportunity to 'test the waters.' " The court wrote:

> "Under the old version of the statute, the 'test the waters' doctrine was seen by many as an appropriate layer of judicial gloss intended to limit changes of venue to those necessary to remedy a party's sincere fear of prejudice. Freedom from judicial prejudice was the only stated purpose of the statute, and it was not inconsistent with a liberal construction to limit the statute to that purpose. Now, however, prejudice is irrelevant to section 2-1001(a)(2), and parties are no longer limited to that single basis

for seeking a substitution of judge. *** Accordingly, when the statutory conditions are met and there is no showing that substitution is sought to delay or avoid trial, judges have no authority to inquire into the movant's reason for seeking substitution and to deny the motion if that reason does not meet their approval." *Schnepf*, 2013 IL App (4th) 121142, ¶ 53.

¶ 13    As stated above, the dissenting justice in *Bowman* would have adopted the *Schnepf* court's reasoning and rejected the "test the waters" doctrine. In this case, there is no dispute the trial judge ruled on a substantial issue in *Williams I*, and plaintiffs do not argue defendant's motion to substitute judge as of right should be denied because defendant had the opportunity to "test the waters." Therefore, we do not believe the doctrine will impact our decision one way or the other.

¶ 14    We must "examine our supreme court's opinions carefully to determine their breadth or narrowness of applicability in the context of other cases bearing on the subject and the factual situation in the case pending before us." *In re Adoption of A.W.*, 343 Ill. App. 3d 396, 400-01 (2003) (overruled on other grounds). In *Bowman*, before trial but after the trial judge "issued rulings on substantial issues," the plaintiff voluntarily dismissed her complaint pursuant to section 2-1009 of the Code. *Bowman*, 2015 IL 119000, ¶ 3. The plaintiff refiled her complaint pursuant to section 13-217 of the Code, and the refiled case was assigned to the same trial judge. The plaintiff then "immediately filed a motion for substitution of judge as of right under section 2-1001(a)(2)(ii) of the Code." *Id.* The defendant objected to the motion "on the ground that it was not timely because [the trial judge] had made rulings on substantial issues during the pretrial proceedings on the [first] complaint prior to its voluntary dismissal." *Id.* The defendant argued the motion for substitution of judge should be denied because the plaintiff had "tested the waters" during the proceedings on her voluntarily dismissed complaint. *Id.* The trial court denied the plaintiff's motion for substitution of judge but certified the following question for interlocutory appeal under Illinois Supreme Court Rule 308(a) (eff. Feb. 26, 2010):

> "In a case which had previously been voluntarily dismissed pursuant to 735 ILCS 5/2-1009 and then subsequently re-filed, does the trial court have discretion to deny a Plaintiff's immediately filed Motion for Substitution of Judge, brought pursuant to 735 ILCS 5/2-1001, based on the fact that the Court had made substantive rulings in the previously dismissed case?" (Internal quotation marks omitted.) *Bowman*, 2015 IL 119000, ¶ 4.

¶ 15    The appellate court, relying on the "test the waters" doctrine, answered the question in the affirmative, with one justice dissenting. *Id.* ¶ 5 (citing *Bowman v. Ottney*, 2015 IL App (5th) 140215, ¶¶ 16-17, 24-25). Our supreme court allowed the plaintiff's petition for leave to appeal. *Id.* ¶ 6. On appeal to our supreme court, the plaintiff advocated for a "bright line" rule allowing substitution as of right in a refiled action before the same judge who presided over the previously filed action, even after that same judge has made substantive rulings in the previously filed action. *Id.* ¶ 11. In support of that position, the plaintiff argued that the phrase "in the case" in section 2-1001(a)(2)(ii) "necessarily refers only to the case that is currently pending before the court." *Id.* The plaintiff argued that, because the trial judge in her case had not made any substantive rulings in the refiled case, he had no discretion to deny her motion to substitute as of right. *Id.* The defendant responded that section 2-1001(a)(2)(ii) must be construed to allow the court to consider "the overall controversy between the parties" to give effect to its purpose, which included the prevention of "judge shopping." *Id.* ¶ 12. Thus, the

defendant argued, the trial judge had discretion to deny the motion for substitution because the judge "had issued rulings on substantial matters in the previously dismissed suit." *Id.*

¶ 16 Our supreme court noted that section 2-1001(a)(2)(ii) should not be construed in a way "that permits a party to engage in 'judge shopping.' " *Id.* ¶ 18. Further, our supreme court stated, though there is no express provision in the statute, it "has long recognized that courts may take into consideration the circumstances surrounding a motion for substitution of judge and may deny the motion if it is apparent that the request has been made as a delay tactic." *Id.* The plaintiff's argument that she was entitled to exercise her automatic right to a substitution of judge "without cause and without regard to the prior proceedings on her *** complaint" was based on precedent holding that a case refiled pursuant to section 13-217 was "a 'new and separate action, not a reinstatement of the old action.' [Citations.]" *Id.* ¶ 19. The *Bowman* court rejected that argument. *Id.* The court acknowledged that "refiled cases have been held to be new and separate actions for *some* purposes." (Emphasis added.) *Id.* ¶ 20. Nonetheless, the court's task was to determine whether the legislature intended the phrase "in the case" to refer "only to the currently pending suit for purposes of deciding a motion for substitution of judge as of right." *Id.* The court found the legislature did not so intend because to do so would create "a loophole that allows the purpose of the statute to be defeated." *Id.* ¶ 21. Specifically, the court stated it would "not construe section 2-1001(a)(2) in a manner that facilitates or encourages 'judge shopping.' " *Id.* ¶ 20. Thus, "[c]onsidering the history of section 2-1001 and the goals sought to be achieved, *** section 2-1001(a)(2)(ii) must be read as referring to all proceedings between the parties in which the judge to whom the motion is presented has made substantial rulings with respect to the cause of action before the court." *Id.* ¶ 21.

¶ 17 The *Bowman* court found additional support for its holding in the plain language of the statute. The court found that the plaintiff's argument "effectively ignores the very first clause of section 2-1001(a), which states that '[a] substitution of judge *in any civil action* may be had in the following situations.' 735 ILCS 5/2-1001(a) (West 2014)." (Emphasis in original.) *Id.* ¶ 22. The court found that its interpretation of section 2-1001(a)(2)(ii) was bolstered by the fact that although the plaintiff "initiated two lawsuits with distinct docket designations—by filing a complaint in 2009 and then again in 2013 after the earlier suit had been voluntarily dismissed—she had only a single cause of action against [the defendant.]" *Id.* In other words, our supreme court held that for purposes of section 2-1001(a)(2)(ii), the plaintiff had only a single cause of action against the defendant, regardless how many case numbers that cause of action generated through voluntary dismissal and refiling; therefore, her rights under section 2-1001 should be construed in the context of a single cause of action—and in that single cause of action (including the current complaint and the previously filed complaint), the trial judge hearing the case had made substantive rulings before the plaintiff moved for substitution of judge as of right. See *id.* The court explained:

"[The plaintiff] had the opportunity to present a motion for substitution of judge as of right during the proceedings on her [first] complaint. For whatever reason, she declined to exercise that right before [the trial judge] ruled on substantial issues in those proceedings. After he did so, [the plaintiff] lost her right to seek a substitution of [the trial judge] as a matter of right. The fact that she voluntarily dismissed her complaint and refiled her claim against [the defendant] four months later does not change that fact. [The plaintiff] cannot use the voluntary dismissal and refiling provisions to accomplish in the [later] suit what she was precluded from doing in the [prior] suit.

This is precisely the type of procedural maneuvering that section 2-1001 is designed to prevent. Consequently, we reject [the] assertion that the circuit court did not have discretion to deny the motion for substitution of judge under the circumstances of this case." *Id.* ¶ 25.

¶ 18    In *Bowman*, our supreme court answered the certified question this way:

"[I]n a case which previously had been voluntarily dismissed and then refiled, a trial court has discretion to deny an immediately filed motion for substitution of judge based on the fact that the same judge to whom the motion is presented made substantive rulings in the previously dismissed case." *Id.* ¶ 29.

Now, in this appeal, defendant argues what our supreme court meant to say was that under those circumstances a trial court has discretion to deny *the plaintiff's* immediately filed motion for substitution of judge (but not the defendant's) where the plaintiff "engaged in 'procedural maneuvering' for the specific purpose of judge shopping." Defendant argues that, here, defendant "is where he is in this case through no 'procedural maneuvering' of his own [citation] and he should not be treated otherwise," and therefore, *Bowman* does not apply. Defendant also argues that, because *Bowman* was an appeal under Rule 308, it is limited to its facts and the certified questions, which failed to address a defendant's rights in this situation. Defendant argues this court has recognized that *Bowman* "is directed only at situations where the party who is seeking the substitution of judge as a matter of right is also the party who engaged in 'procedural maneuvering' for the specific purpose of judge shopping."

¶ 19    Plaintiffs respond "*Bowman* clearly empowers trial courts presiding over a refiled case with the discretion to deny a motion for substitution of judge where substantive rulings were made in the previously dismissed case regardless of which party brings the motion." Specifically, plaintiff argues that "[i]f a party fails to timely apply for a substitution in the original action, the refiling does not serve to 'reset the clock' and provide a second opportunity to apply for a substitution in the refiling. The principle applies to plaintiffs and defendants equally." See *id.* ¶ 21 ("the voluntary dismissal and refiling of a cause of action does not 'reset the clock' with respect to the substitution of a judge who previously made substantive rulings in the prior proceeding"). Defendant, however, argues plaintiffs are taking that statement by the *Bowman* court out of its context, which is one where the plaintiff voluntarily dismissed her complaint then refiled "for the specific purpose of judge-shopping."

¶ 20    The question we must answer to determine whether our supreme court's grant of discretion to the trial court to deny a motion to substitute judge as of right in a refiled action, where the trial judge to whom the motion is directed ruled on substantive issues in the previously filed case, is whether our supreme court intended its construction of section 2-1001(a)(2)(ii) as a restraint on the power granted to plaintiffs to voluntarily dismiss their claims and refile them, to prevent abuse of that power by taking away a right, or as an application of the limits already placed on either party's right to one substitution of judge without cause. We believe there is a distinction between those alternatives and that distinction makes the difference in this case.

¶ 21    Defendant's argument paints *Bowman* as the former and focuses not on plaintiffs' "maneuvering" for the purpose of "judge shopping" (there is no suggestion of any), but on his own innocence of such conduct; *e.g.*, "[defendant] had no control over the procedural posture of either *Williams I* or *Williams II*. *** [Defendant] is where he is in this case through no 'procedural maneuvering' of his own ***." Thus, defendant suggests, absent any maneuvering, a party (the defendant) should be allowed one substitution as of right in the

refiled proceedings regardless of the trial judge's prior rulings. Plaintiffs view *Bowman* more like the latter, stating that, because our supreme court held that when a case is voluntarily dismissed and the same case is refiled there is but a single cause of action between the parties (see *id.* ¶ 22), it "follows that, where a substantive ruling was made in the original filing, a motion for substitution as of right is prohibited in any refiling *which is the exact same result had the case not been voluntarily dismissed and refiled.*" (Emphasis added.)

¶ 22      Based on our careful scrutiny of the language in *Bowman*, we find defendant's focus on potential abuses, or the absence thereof, is misplaced; our supreme court's judgment merely made express the application of the existing limitations in section 2-1001(a)(2) to refiled actions. *Cf. Petalino*, 2016 IL App (1st) 151861, ¶ 32 (holding trial judge did not abuse her discretion in denying motion to substitute judge as of right in order of protection case as untimely, "as the record *** reveals that the same circuit court judge had previously entered substantial orders between the parties in the parentage case"). First, *Bowman* is easily construed as holding simply that a refiled case is not a new and separate action for purposes of section 2-1001(a)(2), not that a plaintiff who voluntarily dismisses a complaint then refiles should effectively be punished by losing the right to move to substitute as of right in the refiled case while the defendant regains that right in the refiled case. Defendant's position in this case would require us to find the latter, but we find no support for that proposition in *Bowman* or in the purpose of section 2-1001(a)(2). The *Bowman* court acknowledged "refiled cases have been held to be new and separate actions *for some purposes.*" (Emphasis added.) *Bowman*, 2015 IL 119000, ¶ 20. But the court recognized that is not true for all purposes. See *id.* ¶ 24. The court rejected finding that a refiled case is a new and separate action for purposes of section 2-1001(a)(2), finding instead the statute "must be read as referring to all proceedings between the parties in which the judge to whom the motion is presented has made substantial rulings with respect to the cause of action before the court." *Id.* ¶ 21.

¶ 23      That the supreme court intended its judgment as holding that a voluntarily dismissed then refiled case is not a new and separate cause of action for purposes of section 2-1001(a)(2) is further evidenced by its rejection, in *Bowman*, of the plaintiff's argument that Illinois Supreme Court Rule 219(e) (eff. July 1, 2002) affords defendants "adequate protection against a plaintiff's attempt to 'judge shop.' " *Bowman*, 2015 IL 119000, ¶ 23. Rule 219(e) prevents a party from avoiding compliance with discovery by voluntarily dismissing a lawsuit by allowing the court to consider discovery undertaken in prior litigation involving a party when ruling on discovery matters. *Id.* (citing Ill. S. Ct. R. 219(e) (eff. July 1, 2002)). The court found Rule 219(e) was another rule that "reflects this court's determination that, where a case has been refiled pursuant to section 13-217, it is not necessarily considered to be an entirely new and unrelated action for all purposes." *Id.* ¶ 24. The court found Rule 219(e) is "a formal recognition of the underlying purpose of section 2-1001(a)(2)(ii) and is a logical extension of that statute and the goals sought to be achieved by it." *Id.* The court's holding reflects its determination that Rule 219(e) is a "formal recognition" of the fact that the court will not allow the parties to use voluntary dismissal to thwart the court's rules—and to achieve that purpose the prior proceedings in the same cause of action (before the same judge) will not be erased if the plaintiff voluntarily dismisses the complaint then refiles. The court's discussion of Rule 219(e) bolsters our conclusion that what *Bowman* actually held was that a refiled case is not a new and separate case for purposes of section 2-1001(a)(2).

¶ 24          Second, there is ample support to conclude that the discretion afforded to the trial court to deny a motion to substitute as of right in a refiled case after the judge has made a ruling on a substantial issue is simply an issue of the timeliness of the motion. Our supreme court pointed out that, under the preamendment version of section 2-1001, "if a litigant failed to move for the first 'change of venue' in a timely fashion, then any relief from a claim of bias or prejudice had to be justified by proof that the bias or prejudice actually existed." *Id.* ¶ 15. The current version of section 2-1001 still requires a motion to substitute judge as of right to be timely. See *In re Marriage of Roach*, 245 Ill. App. 3d at 746-47. Then, the *Bowman* court explained that, although the plaintiff "initiated two lawsuits with distinct docket designations," there was "only a single cause of action" against the defendant. *Bowman*, 2015 IL 119000, ¶ 22. Later, our supreme court observed that the plaintiff—the party seeking to substitute in that case—"had the opportunity to present a motion for substitution of judge as of right during the proceedings on her [previously filed] complaint. For whatever reason, she declined to exercise that right before [the trial judge] ruled on substantial issues in those proceedings. After he did so, [the plaintiff] lost her right to seek a substitution of [the trial judge] as a matter of right." *Id.* ¶ 25. A motion to substitute as of right filed by a defendant in a refiled case, which our supreme court held was the same cause of action for purposes of section 2-1001(a)(2), where the trial judge has ruled on a substantial issue, would be just as untimely as the plaintiff's motion to substitute as of right. Because defendant would have faced the same timeliness barrier to his motion to substitute as of right under the originally filed complaint, we see no reason why "[t]he fact [plaintiff] voluntarily dismissed her complaint and refiled her claim against [defendant] [should] change that fact." See *id.* Nor has defendant given us one, other than a hypothetical plaintiff's "procedural maneuvering" for the purpose of "judge shopping." (There is no dispute in this case that plaintiffs voluntarily dismissed their complaint to correct an error in failing to demand trial by jury, and defendant does not suggest any ulterior motive.)

¶ 25          In granting the discretion to trial court judges to deny a motion to substitute as of right in a refiled case, our supreme court did state that an attempt to use the voluntary dismissal and refiling provisions to accomplish in a refiled suit that which the party using the provisions could not have accomplished in the previously filed suit was "precisely the type of procedural maneuvering that section 2-1001 is designed to prevent." *Id.* But the fact the plaintiff controls this particular maneuver does not mean that section 2-1001 should be construed to create a windfall for defendants to accomplish that which they otherwise could not have accomplished in the previously filed suit either. For that reason, defendant's reliance on *Village of East Dundee v. Village of Carpentersville*, 2016 IL App (2d) 151084, ¶ 16, for the proposition that the decision in *Bowman* "hinged on the fact that the plaintiff had control over the procedural posture of the case," is unpersuasive.

¶ 26          In *East Dundee*, the trial court granted a motion to dismiss the plaintiff's complaint for lack of ripeness. *Id.* ¶ 1. The plaintiff filed a second suit, alleging the controversy was now ripe. *Id.* ¶ 2. The second suit was assigned to the same trial judge who presided over the first suit. *Id.* ¶ 7. The plaintiff moved for substitution of judge as of right, arguing the trial judge had not ruled on any substantive issues in the second suit. *Id.* The defendant argued the second suit was a refiling of the first suit based on the language in the involuntary dismissal of the first suit and the trial court had ruled on substantive issues in the first case. *Id.* The language in the involuntary dismissal read the complaint was dismissed subject to being refiled in the event the matter became ripe. *Id.* The trial court denied the motion to substitute judge as of right and later

- 10 -

granted a motion to dismiss the second complaint for lack of standing. *Id.* ¶¶ 7-8. On appeal, the court identified the issue as whether *Bowman* was dispositive. *Id.* ¶ 12. The *East Dundee* court held it was not, in part because the holding in *Bowman* is "necessarily confined to its facts, because the scope of review was limited to the question certified by the trial court." *Id.* ¶ 15. The court went on to hold that the court's decision in *Bowman* "hinged on the fact that the plaintiff had control over the procedural posture of the case." *Id.* ¶ 16. "In contrast, East Dundee's previous complaint was *involuntarily* dismissed." (Emphasis in original.) *Id.* ¶ 17. But the court did not rely on the involuntary dismissal as sufficient grounds to hold the plaintiff had an absolute right to substitution of judge in the second case. (That is, the court did not clearly hold "the plaintiff did not engage in gamesmanship to get to the second case, therefore it has an absolute right to substitution of judge in the second case.") Instead, the court held "[t]he dismissal of a complaint for failure to state a cause of action is an adjudication on the merits. [Citation.] Accordingly, East Dundee was entitled to a substitution of judge as of right." *Id.* We do not read *East Dundee* to clearly stand for the proposition defendant asserts.

¶ 27    As for the limits the *East Dundee* court placed on our supreme court's judgment in *Bowman*, although the scope of review in an interlocutory appeal pursuant to Rule 308 is limited to answering the certified question (see *Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9), we find no authority, and defendant has cited none, stating that the answer is only applicable in the case in which the certified question arose. We believe at minimum the reasoning used to answer Rule 308 certified questions is not so limited in its reach. See, *e.g.*, *Perez v. Chicago Park District*, 2016 IL App (1st) 153101, ¶ 19 ("following the supreme court's guiding in *Moore* [(which arose under Rule 308)] *** we hold that section 3-106 does not apply"). As stated above, the *Bowman* court reasoned that because there was "a single cause of action" between the parties (see *Bowman*, 2015 IL 119000, ¶ 22; *Colagrossi v. Royal Bank of Scotland*, 2016 IL App (1st) 142216, ¶ 55 ("[t]his court has defined 'cause of action' as the set of facts giving the plaintiff the right to relief")), and so as not to facilitate or encourage "judge shopping," the "in the case" language in section 2-1001(a)(2) had to be construed to mean "all proceedings between the parties in which the judge to whom the motion is presented has made substantial rulings with respect to the cause of action before the court" (*Bowman*, 2015 IL 119000, ¶ 21). Applying that reasoning in this case leads to the conclusion that the trial court properly denied defendant's motion to substitute judge because the trial judge to whom the motion was directed made substantial rulings in the proceedings between the parties.

¶ 28    The *East Dundee* court relied on the fact the plaintiff's second suit was not a "revival" of the first suit under section 13-217. *East Dundee*, 2016 IL App (2d) 151084, ¶ 17 ("Section 13-217 revives a plaintiff's previously filed complaint, where no adjudication on the merits has been obtained. *** The dismissal of a complaint for failure to state a cause of action is an adjudication on the merits."). We can only construe this to mean the court found plaintiff's second suit was a "new and separate" cause of action because the prior cause of action was adjudicated on the merits. The *East Dundee* court stopped at the fact that the case did not involve a voluntary dismissal and refiling. *Id.* However, the court did not address our supreme court's holding with regard to there being a single cause of action between the parties. See *id.* ¶ 13. We would not be bound by the decision in *East Dundee* (*Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 44) but, regardless, we do not find it directly contrary to our own.

¶ 29    Defendant also argues this court "recognized that *Bowman* is limited to its facts, and is directed only at situations where the party who is seeking the substitution of judge as a matter of right is also the party who engaged in 'procedural maneuvering' for the specific purpose of judge shopping" in *Colagrossi*, 2016 IL App (1st) 142216. We disagree with defendant's interpretation of *Colagrossi*. In *Colagrossi*, the court affirmed the trial court's denial of the plaintiff's motion for substitution of judge as of right. *Id.* ¶ 1. The court held the trial court properly denied the motion because the plaintiff "engaged in impermissible 'judge shopping.' " *Id.* In that case, the plaintiff filed a lawsuit against a wholly owned subsidiary of ABN AMRO Bank, N.V. (ABN Amro), which the appellate court referred to as "the 2008 case." *Id.* ¶¶ 4, 14. Another entity purchased ABN Amro and changed its name to "The Royal Bank of Scotland" (RBS). *Id.* ¶ 8. The plaintiff later filed another complaint against the subsidiary and RBS, which was the case at issue in the appeal (the 2011 case). *Id.* ¶ 19. Both cases were assigned to the same trial judge. *Id.* ¶ 1. The trial court eventually entered summary judgment in favor of the defendants in the 2008 case. *Id.* ¶ 20. Nine days later, the plaintiff filed a motion for substitution of judge as of right in the 2011 case. *Id.* ¶ 21. Thereafter, the plaintiff filed a second amended complaint in the 2011 case dropping the subsidiary as a defendant, leaving only RBS. *Id.* The trial court denied the plaintiff's motion to substitute judge as of right. *Id.* ¶ 23.

¶ 30    On appeal, the *Colagrossi* court found that the 2008 case and the 2011 case were based on the same facts and were raised against the same parties. See *id.* ¶ 35. The plaintiff received an unfavorable ruling in the 2008 case then moved for substitution in the 2011 case. The court found that plaintiff's "procedural maneuvering *** constitutes impermissible and blatant judge shopping" (*id.*) and that the "testing the waters" doctrine was still "a viable objection to substitution of judge motions as of right in the First District" (*id.* ¶ 36). The court held that "[o]nce the judge has tipped his or her hand indicating how he or she will rule on a substantive issue (here, actually ruling on the substantive issue), the right to substitution as of right dissolves because it is no longer timely." *Id.* ¶ 39. The court rejected the plaintiff's argument the lawsuits were separate and distinct. *Id.* ¶ 40. The court found the plaintiff's "serial filing of lawsuits is an effort to circumvent the established rule against 'testing the waters,' demonstrated by the timing of filings in the two state lawsuits." *Id.*

¶ 31    In this case, defendant relies on the following passage in the *Colagrossi* court's opinion as the basis of his argument this court recognized that *Bowman* is limited to its distinct facts; *i.e.*, a scenario in which the plaintiff has voluntarily dismissed her complaint then refiled and moved to substitute the trial judge as of right where the judge had ruled on substantial issues in the previously filed case:

> "We realize that *Bowman* addressed the specific circumstance where a plaintiff voluntarily dismisses a case and refiles, hoping the newly docketed case would be assigned to a different judge. This case presents a different factual scenario, albeit one where Colagrossi shares the motivation of seeking a different outcome before a different judge in what was basically the same claim. His procedural maneuvering, as in *Bowman*, constitutes impermissible and blatant judge shopping, after having received an unfavorable ruling before the same judge in a related case with the same facts and, as will be explained, parties." *Id.* ¶ 35.

¶ 32    We find no support for defendant's argument based on *Colagrossi*. The *Colagrossi* court only described the context of the decision in *Bowman*; it did not construe the scope of that

- 12 -

decision. The *Colagrossi* court relied on the "testing the waters" doctrine, a doctrine which the *Bowman* court refused to rule on. And regardless, the *Colagrossi* court applied some of the rationale from *Bowman* to the case before it (which did not involve a plaintiff voluntarily dismissing his case then refiling it) when it noted that the *Colagrossi* plaintiff's "procedural maneuvering, *as in Bowman*, constitutes impermissible and blatant judge shopping." (Emphasis added.) *Id.* The *Colagrossi* court was just as concerned with the prevention of "judge shopping" as was the *Bowman* court. See *id.*

¶ 33    Our holding in this case is based on an express expansion of the protections against "judge shopping," already found in section 2-1001(a)(2) and applicable to originally filed proceedings in the form of the timeliness requirement (see 735 ILCS 5/2-1001(a)(2)(ii) (West 2016)), to refiled proceedings involving the same cause of action, parties, and trial judge. This is a different approach that is not inconsistent with the reasoning behind *Colagrossi*. *Colagrossi*, 2016 IL App (1st) 142216, ¶ 39 (once trial judge has tipped her hand, the right to substitution is no longer timely).

¶ 34    Defendant argued "[b]ecause *Williams II* is a new action for purposes of Plaintiffs' jury demand under section 2-1105, it is not the same case as *Williams I* and [defendant's] motion for a substitution of judge as a matter of right should have been granted." We expressly reject that argument. Because a new filing may be considered a new and separate case for some purposes does not mean it must be considered a new and separate case for all purposes. See *Bowman*, 2015 IL 119000, ¶ 24. We find that *Bowman* found a refiled case is not a new and separate case for purposes of section 2-1001(a)(2). Applying that finding here, the trial judge in this case ruled on substantial issues in the "single cause of action" between the parties before defendant moved for substitution of judge as of right. Accordingly, the trial court properly denied defendant's motion to substitute judge as of right.

¶ 35                                                CONCLUSION

¶ 36    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 37    Affirmed.